IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ORAN R. B., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3409-BN |
| | § | |
| KILOLO KIJAKAZI, Acting | § | |
| Commissioner of Social Security | § | |
| Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Oran R.B. seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision is reversed.

### Background

Plaintiff alleges that he is disabled as a result of hypertension, unstable angina, chronic headaches, major depressive disorder with psychotic features and anxiety disorder. After his application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on December 17, 2019. *See* Dkt. No. 18-1 at 31-59 (Administrative Record ("AR") at 27-55). At the time of the hearing, Plaintiff was 53 years old. He is a high school graduate and has no past relevant work. Plaintiff has not engaged in substantial gainful activity since November 16, 2017.

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. *See* Dkt. No. 18-1 at 15-26 (AR at 11-22) (ALJ Decision). Although the medical evidence established that Plaintiff suffered from uncontrolled hypertension, unstable angina, chronic headaches, major depressive disorder with psychotic feature and generalized anxiety disorder, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that Plaintiff had the residual functional capacity to perform a limited range of light work. Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a merchandise marker, cleaner/housekeeper and garment sorter -- jobs that exist in significant numbers in the national economy

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. In a single ground for relief, Plaintiff contends that the assessment of his residual functional capacity ("RFC") is not supported by substantial evidence and results from reversible legal error. More particularly, Plaintiff argues that that the ALJ mischaracterized the only examining physician's opinion concerning Plaintiff's mental limitations and, as a result, the ALJ failed to properly weigh the medical evidence in determining Plaintiff's mental RFC.

The Court determines that the hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

**Legal Standards**

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for disability insurance benefits or [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage

in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985).

"In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007).

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1)

objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

"It is the responsibility of the ALJ to interpret 'the medical evidence to determine [a claimant's] capacity for work.'" *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)).  Here,

the ALJ mischaracterized the only examining physician's opinion concerning Plaintiff's mental limitations and that error compels remand. [1]

Psychologist Ann Lange, PhD, performed a consultative mental status examination and diagnosed Plaintiff as having major depressive disorder with psychotic features and generalized anxiety disorder. *See* Dkt. No. 18-1 at 689 (AR at 685). Dr. Lange also described Plaintiff's mental RFC as follows:

> FUNCTIONAL CAPACITY: Based upon the claimant's current level of depression, presence of internal stimuli, and level of anxiety, he is currently unable to: Understand, carry out and remember complex instructions, although he could likely handle simple ones; sustain concentration and persist in work-related activity at a reasonable pace; maintain effective social interaction on a consistent and independent basis with anyone; and deal with normal pressures in a competitive work setting.

*Id.* Dr. Lange was the only examining physician to assess Plaintiff's mental RFC. The ALJ found that Dr. Lange's opinion held "considerable persuasive value because it is supported by observations made during the evaluation and is not inconsistent with the record, as the claimant has little treatment history for mental conditions in the record." *Id.* at 23 (AR at 19).

The ALJ characterized Dr. Lange's mental RFC finding in her decision:

> The examiner, Dr. Ann Lange, found that the claimant was unable to understand, remember, and carry out detailed/complex instructions, though he was likely able to handle simple ones, sustain concentration and persist in a work-related activity at a reasonable pace, maintain effective social interaction on a consistent and independent basis with anyone, and deal with normal pressures in a competitive work setting.

The ALJ then made the following mental RFC determination:

---

[1] By remanding this case for further administrative proceedings, the Court does not suggest that Plaintiff is or should be found disabled.

6

> From a mental standpoint, the claimant retains the ability to understand, remember and carry out simple instructions and perform simple tasks in a work environment free of fast-paced production requirements. He can also perform work requiring no computation and calculation. The claimant is further able to have interaction with coworkers that is incidental to the work performed with no work-related contact with the public.

*Id.* at 20 (AR at 16).

Plaintiff contends that Dr. Lange found Plaintiff incapable of performing all the activities listed in her functional analysis, with the exception that Plaintiff could likely handle simple instructions. Plaintiff further contends the ALJ mischaracterized Dr. Lange's mental RFC infas listing one activity Plaintiff was incapable of performing (understanding, carrying out and  complex instructions) and listing everything after "although" as activities Plaintiff retained the ability to perform. As a result of that mischaracterization, Plaintiff contends the ALJ's mental RFC determination is not supported by substantial evidence.

The Commissioner does not address Plaintiff's sole mischaracterization-of-evidence ground for relief, but instead asserts that even if Plaintiff is correct, the ALJ's decision is supported by the totality of the evidence.

To determine whether the ALJ mischaracterized Dr. Lange's mental RFC finding and then based her mental RFC finding on that mischaracterization, the Court must analyze the grammatical construction of those findings to ascertain the meaning of Dr. Lange's opinion. *See U.S. Nat'l Bank v. Indep. Ins. Agents of Am., Inc.,* 508 U.S. 439, 454 (1993) ("[T]he meaning of a statute will typically heed the commands of its punctuation").

7

"In common usage, a modifier...usually applies to each term in a series of parallel terms. This principle is the series-qualifier canon of construction." *Thomas v. Reeves*, 961 F.3d 800, 803 (5th Cir. 2020) (en banc) (Costa, J., concurring) (citing Antonin Scalia & Bryan Garner, Reading Law: The Interpretation of Legal Texts § 19 at 147 (2012)).

> "The series-qualifier canon is a syntactic canon that looks to the grammatical arrangement of words in a sentence. Specifically, when does a modifier apply to a parallel series, and when does it not? The general rule: 'When there is a straightforward, parallel construction that involves all nouns or verbs in a series, a prepositive or postpositive modifier normally applies to the entire series.'"

*Id.* at 812 (Willet, J., concurring) (quoting Scalia & Garner § 19 at 147).

Here, Dr. Lange's phrase "he is currently unable to" is a prepositive modifier that applies to a series of work-related limitations. The items in the series are set off by a semicolons. A semicolon typically signals "clauses of similar importance" and conveys "a more distinct break that a comma can signal." Dkt. No. 22-1 at 13 (Bryan A. Garner, Garner's Dictionary of Legal Usage 734 (3d ed. 2011)); Dkt. No. 22-1 at 25 (Texas Law Review, Manual on Usage & Style § 1.15 (11th ed. 2008) ("When the items in a series are complex or contain internal punctuation, use semicolons instead of commas to separate them.")).

Applying the series-qualifier canon of construction, Dr. Lange's phrase "he is currently unable to" applies to all activities listed in her functional analysis, with one exception. Construing the phrases separated by semicolons, Dr. Lange found that Plaintiff was unable to perform all the listed activities, except that he could likely handle simple instructions. Where the ALJ erred was interpreting everything after

the phrase "although he could likely handle" as applying to all the activities listed after it.

Turning to Dr. Lange's use of punctuation, Dr. Lange followed the words "currently unable to" with a colon to introduce a series of activities that Plaintiff cannot perform. *See* Dkt. No. 22-1 at 16 (Bryan A. Garner, The Redbook § 123(d) (2d ed. 2006) (recommending use of colon to introduce appositive list that explains the predicate of a sentence)); Dkt. No. 22-1 at 24 (Texas Law Review § 1.11(a) ("A colon serves primarily to introduce a quotation, saying, question, explanation, or list."). But Dr. Lange did not place a colon after the phrase "although he could likely handle."

Dr. Lange also used semicolons to divide four types of work-related limitations. One of those limitations was Plaintiff's inability to perform complex instructions, after which she used a comma to add "although he could likely handle simple ones." By introducing the remark "although he could likely handle simple ones" with a comma, Dr. Lange signaled that this phrase related only to Plaintiff's inability to handle instructions. *See* Dkt. No. 22-1 at 5 (Ann Stillman, Grammatically Correct 103 (2d ed. 2010)); Dkt. No. 22-1 at 15-16 (Garner, Redbook § 1.17); Dkt. No. 22-1 at 20-21 (Jane Strauss and Lester Kaufman, The Blue Book of Grammar & Punctuation 30-31 (11th ed. 2014).

Another canon of construction—the last antecedent rule—also sheds light on the proper interpretation of Dr. Lange's mental RFC finding. The last antecedent rule provides that "a limiting clause or phrase should ordinarily be read as modifying only the noun or phrase that it immediately follows." *Barnhart v. Thomas*, 540 U.S. 20, 26

(2003) (quoting 2A N. Singer, Sutherland on Statutory Construction § 47.33, p. 369 (6th rev. ed. 2000)). "[Q]ualifying words, phrases, and clauses are to be applied to the words or phrases immediately preceeding, and are not to be construed as extending to or including others more remote." *United States v. Campbell,* 49 F.3d 1079, 1086 (1995) (quoting *Quindlen v. Prudential Ins. Co.*, 482 F.2d 876, 878 (5th Cir. 1973)); *see* also Black's Law Dictionary 1532-33 (10th ed. 2014) ("Qualifying words or phrases modify the words or phrases immediately preceding them and not words or phrases more remote, unless the extension is necessary from the context or spirit of the entire writing."). Here, the subordinate conjunction "although" refers back to Plaintiff's ability to understand, carry out, and remember complex instructions but not to the other limitations listed after it.

Based on these canons and rules of grammatical construction, the Court finds that the ALJ's description of Dr. Lange's mental RFC finding was inaccurate and the ALJ relied on that mischaracterization to determine Plaintiff's mental RFC.

The Court also finds that the ALJ's mischaracterization of the only examining physician's opinion concerning Plaintiff's mental limitations was prejudicial error. It is the ALJ's responsibility to weigh the evidence, and the Court is unable to say what the ALJ would have done had she properly construed Dr. Lange's mental RFC finding. Dr. Lange's opinion included significant limitations beyond those that the ALJ recognized in determining both Plaintiff's RFC and his ability to engage in any form of substantial gainful activity. The ALJ's mischaracterization of Dr. Lange's opinion raises a question as to whether she conducted a competent evaluation of the

evidence. Had the ALJ given proper consideration to the only examining physician to give an assessment of Plaintiff's mental ability to engage in work-related activities, the ALJ might have reached a different decision as to disability. This is especially true in light of the fact that the burden lies with the Commissioner at Step 5 to identify gainful employment available in the national economy that the claimant is capable of performing. *See Rains v. Sec. of Health & Human Servs.*, 731 F. Supp. 778, 780 (E.D. Tex. 1989) (holding that remand was required where ALJ denied benefits based on mischaracterization of vocational evidence, which was uncontroverted proof that plaintiff was disabled); *Hemminger v. Astrue*, 590 F. Supp. 1073, 1082 (W.D. Wisc. 2008) (holding that remand was required where ALJ mischaracterized medical expert testimony, which favored plaintiff).

## Conclusion

The hearing decision is reversed and this case is remanded to the Commissioner of Social Security for further proceedings consistent with this opinion].

DATED: August 31, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE